UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| ANGELA M. MORGAN, | ) | CASE NO. 20-65889-PMB |
| | ) | |
| DEBTOR | ) | |
| ----------------------- | | |
| NANCY J. GARGULA, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| REGION 21, | ) | |
| | ) | |
| MOVANT, | ) | |
| | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| KEVIN DONNELL PARKER, | ) | |
| | ) | |
| RESPONDENT. | ) | |

**MOTION FOR DISALLOWANCE OF FEE
AND IMPOSITION OF MONETARY SANCTIONS
FOR VIOLATIONS OF 11 U.S.C. § 110**

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, and files this motion for relief pursuant to section 110 of the United States Bankruptcy Code.[1] In particular, the United States Trustee requests the Court:

A.   find that Kevin Donnell Parker acted as a non-attorney bankruptcy petition preparer by preparing for compensation one or more documents for filing in this case;

---

[1] 11 U.S.C. § 101 *et. seq.* References to "section" by word or by symbol refer to sections of the United States Bankruptcy Code.

B.    pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 per violation for Kevin Donnell Parker's failure to comply with Bankruptcy Code section 110(b), which requires that he include his name, address, and signature on documents prepared for filing;

C.    pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 per violation for Kevin Donnell Parker's failure to comply with Bankruptcy Code section 110(c), which requires that he include his social security number on documents prepared for filing;

D.    pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 because Kevin Donnell Parker failed to comply with section 110(h)(2), which requires that he file a disclosure of his compensation together with the debtor's petition;

E.    triple the amount of fines imposed, as provided by Bankruptcy Code section 110(l)(2), because Kevin Donnell Parker prepared documents in a manner that failed to disclose his identity as the preparer;

F.    order forfeiture of all fees charged by Kevin Donnell Parker as provided by Bankruptcy Code 110(h)(3)(B)

G.    find that Kevin Donnell Parker engaged in deceptive and fraudulent conduct; and

H.    order Kevin Donell Parker to pay Angela Morgan the greater of $2,000 or twice the amount Ms. Morgan paid to Kevin Parker.

PARTIES

1.

Nancy J. Gargula, United States Trustee for Region 21 ("United States Trustee" or "Movant") is an Executive Branch official who is responsible for "protecting the public interest and ensuring that bankruptcy cases are conducted according to the law." See, 28 U.S.C. § 586 H.R.; Rep. No. 95-595, 95th Cong., 2nd Sess. 109 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6070. The United States Trustee is a party in interest who may raise and appear and be heard on any issue in any case or proceeding under Title 11. 11 U.S.C. § 307. In addition, Bankruptcy Code section 110 expressly authorizes the United States Trustee to seek relief under that section.

2.

Angela Morgan is the debtor in this case, which was commenced on April 27, 2020, when a petition for relief under chapter 7 of the United States Bankruptcy Code naming Angela M. Morgan as debtor was submitted to the Clerk of Court by electronic mail("Petition"). (Docket No. 1)

3.

On June 6, 2020, Angela Morgan appeared at the first section 341 meeting of creditors and testified that this case was filed without her knowledge or consent. The meeting was continued to give Ms. Morgan time to correct inconsistencies in her pleadings.

4.

On June 8, 2020, Howard Jay Kent entered his appearance as Ms. Morgan's attorney. (Docket No. 16)  Mr. Kent continues to serve as counsel in this case.

5.

On June 23, 2020, Ms. Morgan appeared and testified at the continued 341 meeting. During the meeting Ms. Morgan testified that she had engaged a bankruptcy petition preparer who filed this case without her knowledge or consent.

6.

Kevin Donnell Parker ("Respondent"), who is not a member of the State Bar of Georgia, acted as a petition preparer in connection with Ms. Morgan's bankruptcy case.

7.

Respondent communicated with Ms. Morgan by email transmissions from the following address: *bkncomplete@gmail.com*. Ms. Morgan has produced several email messages between her and the Respondent where he used this address. Respondent listed this email address as his contact information on the petition he filed for his personal bankruptcy case, 20-65343 PMB, on April 6, 2020.[2]

8.

Ms. Morgan's schedules and statement of financial affairs (Docket No. 10) and

---

[2] Respondent communicated with Ms. Morgan using the cell phone number 470-279-2213. Ms. Morgan provided this number to the Henry County Police Department when she reported the Respondent's fraudulent actions. This same number was listed as Respondent's contact information in a bankruptcy case he filed in the District of Columbia in 2019, 19-00835-SMT.

statement regarding payment advice (Docket No. 11) were sent to the Clerk's office in a FedEx envelope which shows Kevin Parker as the sender from the following address: 3455 Ellington Way, Atlanta, Georgia 30349. (Docket No. 10, Pg. 53, and Docket No. 11, Pg. 2)  Kevin Parker listed this as his residential address on his personal bankruptcy petition filed April 6, 2020, Case No. 20-65343-pmb.

## KEVIN PARKER ACTED AS A PETITION PREPARER

9.

A "bankruptcy petition preparer" is a person, other than an attorney, who prepares for compensation a "document for filing." 11 U.S.C. § 110(a)(1). A "document for filing" is a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or in a district court in connection with a case under title 11. 11 U.S.C. § 101(a)(2).

10.

For a fee, Respondent prepared one or more documents for filing in these cases, including the following: the Petition (Docket No. 1); application for waiver of filing fee (Docket No. 4); statement of financial affairs and schedules (Docket No. 10); and statement regarding payment advice (Docket No. 11) (collectively "the Documents").

11.

During the June 23, 2020, 341 meeting, Angela Morgan testified that, although she

contacted Respondent to act as her bankruptcy petition preparer, she did not sign the Documents, she did not submit the Documents to the Clerk of Court, and the Documents were filed without her knowledge or consent.

12.

Ms. Morgan testified that she paid Respondent $2,500: $500 as compensation for Respondent's services as a petition preparer and $2,000 as compensation for Respondent instructing Ms. Morgan how to become a bankruptcy petition preparer.

13.

Respondent refunded $1,000 when Ms. Morgan confronted him about his failure to provide instruction about becoming a petition preparer.

KEVIN PARKER VIOLATED 11 U.S.C. § 110

14.

Bankruptcy Code section 110(b) requires a bankruptcy petition preparer who prepares a document for filing to sign the document and print his name and address on the document.[3] If the preparer is not an individual, then an officer, principal, responsible person, or partner of the preparer must sign the document and print his name and address on the document. 11 U.S.C. § 110(b)(1)(A) and (B).

---

[3] Official Form 119, entitled "Bankruptcy Petition Preparer's Notice, Declaration and Signature," includes sections for the preparer to provide his name, address, signature, and social security number. Form 119 instructs preparers that they "must fill out this form every time they help prepare documents that are filed in the case" and warns that "[a] bankruptcy petition preparer who does not comply . . . may be fined, imprisoned, or both."

15.

Respondent failed to include his name, address, and signature on the Petition (Docket No. 1); the application for waiver of filing fee (Docket No. 4); statement of financial affairs and schedules (Docket No. 10); and statement regarding payment advice (Docket No. 11) as required by 11 U.S.C. § 110(b). As to each document, the Court may assess a fine of up to $500 for violation of this section. 11 U.S.C. § 110(l).

16.

Bankruptcy Code section 110(c) requires the bankruptcy petition preparer to place an identifying number on each document that identifies the individual who prepared it. For purposes of this section, the identifying number is the individual's Social Security account number. 11 U.S.C. § 110(c)(2)(A).

17.

Respondent failed to include his social security number on the Petition (Docket No. 1); the application for waiver of filing fee (Docket No. 4); statement of financial affairs and schedules (Docket No. 10); and statement regarding payment advice (Docket No. 11). As to each document, the Court may assess a fine of up to $500 for this violation. 11 U.S.C. § 110(l).

18.

Bankruptcy Code section 110(h)(2) requires the bankruptcy petition preparer file, together with the petition, a declaration, under penalty of perjury, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case and any unpaid fee charged to the debtor (Official Form 2800).

19.

Respondent failed to file Form 2800 (Disclosure of Compensation of Bankruptcy Petition Preparer) together with the Petition. The Court may assess a fine of up to $500 for this violation. 11 U.S.C. § 110(l).

20.

Pursuant to Bankruptcy Code section 110(l)(2)(D), the Court should triple the amount of the assessed fines because Respondent prepared the Documents in a manner that failed to disclose his identity as the preparer.

21.

Because Respondent failed to comply with Bankruptcy Code section 110, the Court may order that all fees he charged in connection with the case be forfeited.[4]

---

[4] 11 U.S.C. §110(h)(3)(B).

## KEVIN PARKER ENGAGED IN FRAUDULENT & DECEPTIVE CONDUCT

22.

Ms. Morgan testified that she did not authorize Respondent to file the Petition and that she was unaware that she was in a bankruptcy case until much later.

23.

Respondent engaged in deceptive and fraudulent conduct by filing the Petition without Ms. Morgan's knowledge or consent. The Respondent also engaged in deceptive and fraudulent conduct when he filed the other Documents without Ms. Morgan's knowledge or consent.

24.

Federal Rule of Bankruptcy Procedure 1008 requires that all petitions, lists, schedules, statements, and amendments thereto be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746.[5] Ms. Morgan testified that she did not sign the Documents.

25.

Respondent engaged in deceptive and fraudulent conduct by forging or causing someone else to forge Ms. Morgan's signature on the Documents.

---

[5] *See also*, BLR 9001-1(o).

WHEREFORE, the United States Trustee requests the Court:

A.  find that Kevin Parker acted as a non-attorney bankruptcy petition preparer by preparing for compensation a document for filing in this case;

B.  pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 because Kevin Parker failed to comply with Bankruptcy Code section 110(b), which requires that he include his name, address, and signature on documents prepared for filing;

C.  pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 because Kevin Parker failed to comply with Bankruptcy Code section 110(c), which requires that he include his social security number on documents prepared for filing;

D.  pursuant to Bankruptcy Code section 110(l)(1), assess a fine of up to $500 because Kevin Parker failed to comply with section 110(h)(2), which requires that he file a disclosure of his compensation together with the debtor's petition;

E.  triple the amount of fines imposed, as provided by Bankruptcy Code section 110(l)(2), because Kevin Parker prepared a document in a manner that failed to disclose his identity as the preparer

F.  order forfeiture of all fees charged by Kevin Parker as provided by Bankruptcy Code 110(h)(3)(B);

G.  find that Kevin Parker engaged in deceptive and fraudulent conduct; and

H.  grant such other or further relief as the Court deems appropriate.

Dated: December 31, 2020

NANCY J. GARGULA
United States Trustee, Region 21

*s/ Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
(404) 331-4437
jeneane.treace@usdoj.gov